IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL THOMPSON, | No. C 16-3415 CW |
| Plaintiff, | ORDER RECONSIDERING DENIAL OF MOTION TO TRANSFER AND TRANSFERING CASE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On March 15, 2017, this Court denied a motion to transfer this case to the United States District Court for the Eastern District of California. On September 15, 2017, the Court dismissed all claims against three of the Defendants in this case. In the September 26, 2017 joint case management statement, Defendants asserted that as a result of the dismissal, all of the alleged events giving rise to Plaintiff's claims occurred at Deuel Vocational Institute (DVI), which is located in the Eastern District of California. In a September 29, 2017 order, the Court directed the parties to meet and confer and be prepared to address at the case management conference whether the Court should reconsider its order denying Defendants' transfer motion. Following argument at the October 3, 2017 case management conference, the Court hereby reconsiders the denial of the motion to transfer and transfers this case to the Eastern District of California.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). "To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." Reflex Packaging, Inc. v. Audio Video Color Corp., No. 13-cv-03307-SI, 2013 WL 5568345, at *2 (N.D. Cal. Oct. 9, 2013) (citations omitted).

The Ninth Circuit considers the following factors to determine whether to transfer venue: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." Id. (citing Jones, 211 F.3d at 498-99.)

2

"The burden is on the defendant to show that, of the relevant factors, the balance of convenience weighs in favor of transfer to another district." TransPerfect Global, Inc. v. Motionpoint Corp., No. 10-cv-02590, 2010 WL 3619565, at *2 (N.D. Cal. Sept. 13, 2010) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

DISCUSSION

As the parties agreed and the Court found previously, this action could have been brought in the Eastern District of California because a substantial part of the events giving rise to the claim occurred in that District. "Once venue is determined to be proper in both districts, the Court evaluates which venue is more convenient to the parties and the witnesses." Reflex Packaging, 2103 WL 5568345, at *3.

At the time this Court denied the individual Defendants' motion to transfer, there were seven Defendants in this action. Defendants Theodore Abreu, Harry Newman, Thomas Bzoskie, and Jerome Price are employed at DVI, working and residing in the Eastern District of California. Defendants Margaret Hanna and Ronald Davis are employed at San Quentin State Prison, working and residing in the Northern District of California. Defendant California Department of Corrections and Rehabilitation (CDCR) operates both institutions. Plaintiff resides in the Eastern District of California.

In denying the motion to transfer, the Court found that the convenience of the parties weighed in favor of transfer to the Eastern District, but only slightly due to the close proximity of the two districts. The Court also found that Plaintiff's choice

3

of forum in the Northern District was entitled to deference because at least some of the operative facts occurred in this District and he was housed at San Quentin for twice as long as he was housed at DVI. With regard to the remaining factors, the Court found that the access to evidence weighed slightly in favor of transfer; relative court congestion weighed against transfer; and the convenience of the parties, forum's familiarity with applicable law, feasibility of consolidation, and local interest in the controversy were neutral.

The dismissal of all claims against the two individual Defendants who work and reside in the Northern District materially changes this analysis. The claims against the remaining individual Defendants are based on allegations of facts that occurred solely at DVI.

Plaintiff has a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, against CDCR, which operates both San Quentin and DVI. In this claim, Plaintiff alleges that he "had a right to be protected from injury and the risk of injury due to his disability." Second Amended Complaint (2AC) ¶ 57. He also alleges that CDCR violated the ADA by "refusing to follow the limitations and restrictions listed on the Medical Classification Chrono and Comprehensive Accommodation Chrono, denying plaintiff a wheelchair and other requested medical devises, providing inadequate medical care, and failing to accommodate his disability by, among other things, requiring him to perform physical duties he was unable to perform due to his disability." Id. ¶ 56. In denying CDCR's motion to dismiss this claim, the Court relied primarily on CDCR's alleged failure to

4

provide Plaintiff with an agreed-upon accommodation that he should not be required to climb stairs at DVI. Also, the Court has dismissed all claims based on the individual Defendants' alleged failure to provide adequate medical care at San Quentin. Although no part of Plaintiff's ADA claim against CDCR has been dismissed, that claim is largely, although not wholly, based on events that occurred at DVI.

That few, if any, of the operative events in this case took place in the Northern District, and Plaintiff resides in the Eastern District, means that Plaintiff's choice of forum in this District is now entitled to limited weight. See Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."). Counsel for Plaintiff as well as for Defendants are located in the Eastern District. The convenience of the parties weighs decisively in favor of transfer following the dismissal of all claims against the individual Defendants employed at San Quentin. Likewise, the Eastern District of California now has an increased local interest in the controversy relative to the Northern District, and this factor also now weighs somewhat in favor of transfer. The Court's analysis of the remaining factors (convenience of the parties, access to evidence, forum's familiarity with applicable law, feasibility of consolidation, and relative court congestion) has not changed.

Previously, the Court found that two factors weighed slightly in favor of transfer, while Plaintiff's choice of forum and

5

relative court congestion weigh against transfer.  Now, however, the convenience of the parties, the Eastern District of California's local interest in the controversy, and the access to evidence all weigh in favor of transfer, while Plaintiff's choice of forum is entitled only to minimal weight.  The relative court congestion in the Eastern District of California weighs against transfer, but this is not sufficient to overcome the other factors given the lack of significant underlying facts based in the Northern District.  Accordingly, the Court finds that transfer will serve the convenience of the parties and witnesses and will promote the interest of justice.

## CONCLUSION

The Court RECONSIDERS the denial of the individual Defendants' motion to transfer venue.  The Clerk shall transfer this case to the United States District Court for the Eastern District of California and close the file in this Court.

IT IS SO ORDERED.

Dated: October 12, 2017

_____
CLAUDIA WILKEN
United States District Judge